IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| FRIENDS OF ANIMALS, | Case No. 2:17-cv-01410-SU |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, and SCOTT PRUITT, in his official capacity as the Administrator the U.S. Environmental Protection Agency, | |
| Defendants, | |
| and | |
| THE HUMANE SOCIETY OF THE UNITED STATES, | |
| Proposed Defendant-Intervenor. | |

SULLIVAN, United States Magistrate Judge:

Plaintiff Friends of Animals brings this action to challenge the refusal of defendants the Environmental Protection Agency ("EPA") and Scott Pruitt ("federal defendants") to initiate a Special Review of the pesticide ZonaStat-H. Compl. (Docket No. 1). The Humane Society of the United States ("HSUS") moves to intervene as a defendant. (Docket No. 17). Defendants do not oppose intervention. *Id.*, at 2. Plaintiff concedes that HSUS "likely" meets the requirements for intervention as of right, but seeks to impose certain conditions on HSUS's participation as defendant-intervenor. Pl. Resp., at 2 (Docket No. 22). The Court heard oral argument on HSUS's Motion on January 22, 2018. (Docket No. 26). For the following reasons, the Court GRANTS HSUS's Motion to Intervene, subject to the conditions provided herein.

## BACKGROUND

### I. ZonaStat-H and PZP

This action concerns the pesticide ZonaStat-H, whose primary ingredient is *porcine zona pellucida* ("PZP"). Compl. ¶ 2. PZP is used for population control of female wild horses and burros. *Id.* ¶ 3. On January 30, 2012, the EPA issued Registration No. 86833-1 for ZonaStat-H, pursuant to Section 3(c)(5) of the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"). 7 U.S.C. § 136a(c)(5); Compl. ¶ 2. Plaintiff alleges that, following the EPA's granting of the registration, published research revealed previously undisclosed harmful effects of PZP on wild horses. *Id.* ¶ 4.

On May 19, 2015, plaintiff submitted a petition pursuant to Section 6(b) of FIFRA, 7 U.S.C. § 136d(b), requesting that the EPA conduct a Special Review to consider new evidence regarding the effects of PZP and to determine whether it would be appropriate to cancel or revise the registration of ZonaStat-H. Compl. ¶ 5. On December 15, 2016, the EPA denied the petition

for Special Review. *Id.* ¶ 6. Plaintiff challenges the denial of the petition for Special Review as arbitrary and capricious under the Administrative Procedure Act ("APA"). 5 U.S.C. § 551 *et seq*.

## II. The Humane Society of the United States

HSUS works for the protection of animals through advocacy, education, and direct animal care; its primary mission is to prevent cruelty to and neglect of animals. HSUS Mot. Intervene, at 5 (Docket No. 17). HSUS advocates for protection of wild horses and burros, and supports immunocontraception as a humane means of managing wild and domestic animal populations. *Id.*, at 6. HSUS promotes PZP as a population management tool for wild horses and burros. *Id.* On September 16, 2009, HSUS submitted the application for first registration of ZonaStat-H. Compl. ¶ 43. HSUS moves to intervene, specifically to protect its interest as the registrant of ZonaStat-H.

## III. Dispute over Conditions on Intervention

Plaintiff agreed not to oppose HSUS' Motion for Intervention, contingent on HSUS agreeing to four conditions for intervention:

> (1) Defendant-Intervenor-Applicant will not seek discovery in this proceeding unless Plaintiff or Federal Defendant initiates discovery[;]
> (2) Defendant-Intervenor-Applicant will not seek to supplement the administrative record on the merits of Plaintiff's claims[;]
> (3) Defendant-Intervenor-Applicant will not assert claims against Plaintiff or Federal Defendant in this proceeding; and
> (4) Defendant-Intervenor-Applicant will confine their arguments to the issues raised in Plaintiff's complaint and will avoid collateral arguments.

Pl. Resp., Ex. A, at 3-5 (Docket No. 22-1). HSUS ultimately agreed to these conditions, except number (2): it was unwilling to waive its right to supplement the administrative record "if necessary to determine whether the agency has considered all relevant factors and has explained

its decision." HSUS Reply, at 3 (Docket No. 25).¹ Plaintiff would not agree to modify this limitation, and thus opposed any intervention not subject to the original restrictions.

## LEGAL STANDARD

Fed. R. Civ. P. 24(a)(2) allows intervention of right by "anyone" who, "[o]n timely motion," "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This creates a four-part test for intervention of right: (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the subject property or transaction; (3) the applicant's ability to protect that interest would, absent intervention, be impaired by disposition of the matter; and (4) the existing parties do not adequately represent applicant's interests. *County of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

As to factor one, timeliness, "three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.* As to factor two, an interest in the property or transaction, this "is a practical, threshold inquiry." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "No specific legal or equitable interest need be established. It is generally enough that the interest asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.* (alteration, quotation, and citations omitted). "An applicant demonstrates a 'significantly protectable interest' when the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third

---

¹ Thus, HSUS's position was that it would modify condition (2) as follows: "(2) Defendant-Intervenor-Applicant will limit any motion to supplement the administrative record to (a) where the agency has relied on documents not in the record or (b) to explain technical terms or complex subject matter." HSUS Reply, at 3 n.1 (Docket No. 25).

party's legally protectable interests." *Id.* (quotation omitted).  As to factor three, impairment of interest, "'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'" *Id.* at 822 (alteration omitted) (quoting Fed. R. Civ. P. 24 Advisory Comm. Notes).  As to factor four, no adequate representation of interest, the "applicant-intervenor's burden . . . is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995) (emphasis in original), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

> A non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect.

*Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).

## ANALYSIS

**I.      Rule 24(a) Test for Intervention as of Right**

HSUS has made a sufficient showing as to each element of the test for intervention as of right:

1. Timeliness: HSUS's Motion is timely.  This action was commenced September 8, 2017.  (Docket No. 1).  HSUS moved to intervene only three months later, on December 18, 2017.  (Docket No. 17).  The matter is at an early stage.  The Administrative Record has not been produced.  No substantive rulings have been made.  No prejudice from intervention has been shown.  There has been no apparent delay.

2. Interest: As the registrant of ZonaStat-H, HSUS has relevant, protectable interests in this action.  If the EPA were to cancel the registration, HSUS would likely challenge that

decision. Resolution of this matter directly affects HSUS's ability to conduct its campaign to protect wild horses, and its ability to provide ZonaStat-H to government agencies to conduct fertility management programs.

3. <u>Impairment of Interest</u>: Determination of this matter could substantially impact HSUS's interests. If plaintiff prevails, this could undo HSUS's advocacy efforts in wild horse population management. HSUS's organizational interests in the protection of wild horses would be impaired. HSUS would likely have to devote resources to defending the ZonaStat-H registration through Special Review. If the registration were cancelled, HSUS could be forced to devote resources to developing and advocating alternative humane management strategies for wild horse population control.

4. <u>No Adequate Representation</u>: The existing parties may not adequately represent HSUS's interests. The EPA represents the broad public interest, whereas HSUS has the narrower interest of preventing cruelty to animals, and specifically in the protection of wild horses and burros. The EPA's interests in the implementation of FIFRA potentially diverge from HSUS's narrower interests in utilizing PZP to protect animals. Because of these distinct interests, it has not been shown that the existing parties will undoubtedly make all of HSUS's arguments: it is not clear that the parties are capable of and willing to make those arguments, and the parties might neglect to address HSUS's interests.

## II. **Conditions on Intervention**

District courts may impose appropriate conditions or restrictions on a proposed intervenor's participation in the action. *Bark v. Northrop*, No. 3:13-cv-01267-HZ, 2013 WL 6576306, at *7 (D. Or. Dec. 12, 2013). The Court finds it appropriate to limit HSUS's intervention in this matter.

Review of agency actions under the APA is typically limited to review of the administrative record, subject to certain "narrow exceptions" applicable in "limited circumstances." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).[2] HSUS has presented no controlling authority that the APA permits an intervenor to move to supplement the administrative record or to present extra-record evidence. Further, a motion to supplement or expand the record by HSUS could unnecessarily delay this action, and could unfairly subject plaintiff to an increased evidentiary burden in demonstrating that the EPA's decision was arbitrary and capricious.

Accordingly, the Court finds that HSUS meets the requirements limitations intervention as of right, but orders that HSUS's intervention be subject to the following conditions:

1. HSUS will not seek discovery in this proceeding unless plaintiff or federal defendants initiate discovery;

2. HSUS will not seek to supplement the administrative record on the merits of plaintiff's claims;

3. HSUS will not assert claims against plaintiff or federal defendants in this proceeding; and

4. HSUS will confine its arguments to the issues raised in plaintiff's Complaint and will avoid collateral arguments.

---

[2] These exceptions are:
> [D]istrict courts are permitted to admit extra-record evidence: (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.

*Lands Council*, 395 F.3d at 1030 (quotations omitted).

## CONCLUSION

HSUS meets Fed. R. Civ. P. 24(a)(2)'s requirements and has established its entitlement to intervene as of right in this action. The Court GRANTS HSUS' Motion to Intervene, subject to the above limitations.

IT IS SO ORDERED.

DATED this 26th day of January, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge